UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:    _____
DATE FILED: March 25, 2013

MOHAMED M. ALI, on behalf of himself and all others similarly situated,

Plaintiff,

v.

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, et al.,

Defendants.

11 Civ. 6393 (PAC)

**MEMORANDUM & OPINION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On September 13, 2011, plaintiff Mohamed Ali ("Plaintiff"), filed this putative class and collective action against the New York City Health and Hospitals Corporation ("HHC"); Alan Aviles ("Aviles"), HHC's chief executive officer; and a number of individual hospitals (the "Hospitals") that comprise part of HHC (collectively, "Defendants"),[1] alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.A. § 201 et seq.[2]  (ECF No. 1.)  Plaintiff filed an Amended Complaint on May 25, 2012, alleging violations of the New York Labor Law ("NYLL").  (Am Compl., ECF No. 40.)  Currently before the Court is HHC's motion to dismiss the NYLL claims on the grounds that it is exempt from the NYLL provisions at issue.[3]  (ECF No. 46.)  For the following reasons, HHC's motion to dismiss the NYLL claims is GRANTED.

---

[1]  The individual hospitals named are Bellevue Hospital Center, Kings County Hospital Center, Jacobi Medical Center, Elmhurst Hospital Center, Harlem Hospital Center, Metropolitan Hospital Center, Lincoln Medical and Mental Health Center, North Central Bronx Hospital, Coney Island Hospital, Woodhull Medical and Mental Health Center, and Queens Hospital Center (collectively, the "Hospitals").

[2]  Plaintiff has also moved for conditional certification of an FLSA collective action pursuant to 29 U.S.C. § 216(b). (ECF No. 35.)  The Court will address this motion in a separately filed order.

[3]  Defendants also moved to dismiss the claims against the Hospitals because they are not proper parties to this action.  Following the submission of Defendants' motion to dismiss, Plaintiff agreed to amend the complaint to remove the Hospitals from this case.  (See ECF No. 50 at 5 n.4.)  Accordingly, that portion of Defendants' motion is now moot.

**BACKGROUND**

Plaintiff alleges that he was employed from January 2006 through October 2008 as a

Respiratory Therapist at Coler-Goldwater Specialty Hospital and Nursing Facility, part of HHC.

(Am. Compl. ¶ 85.)  In that role, Plaintiff performed and analyzed diagnostic tests, administered

drugs pursuant to the orders of doctors and senior medical staff, inspected and tested respiratory

equipment, and assisted patients, including monitoring their physiological responses to therapy.

(Id. ¶ 87.)  While employed by HHC, Plaintiff asserts that he "regularly" worked in excess of 40

hours per week but did not receive overtime compensation.  (Id. ¶ 91.)  Though the precise

amount of time Plaintiff alleges he worked varied, Plaintiff states he "often" worked between 43

to 45 hours per week.  (Id. ¶ 92.)  His allegedly uncompensated overtime included working

during scheduled breaks and before and after his scheduled shifts, as well as attending training

sessions and staff meetings.  (Id. ¶ 93.)

**DISCUSSION**

**I.      LEGAL STANDARDS**

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

the Court accepts all factual allegations in the complaint as true and draws all reasonable

inferences in favor of the plaintiff.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.

2002).  The Court need not accept as true, however, "legal conclusions, deductions[,] or opinions

couched as factual allegations."  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.

2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Id.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  In deciding a Rule 12(b)(6) motion, the Court may "properly consider 'matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'"  Halebian v. Berv, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (quoting Chambers, 282 F.3d at 153).

## II.   ANALYSIS

Under the NYLL, persons employed "by a federal, state or municipal government or political subdivision thereof" are excluded from the definition of "employees" covered by the overtime provisions of the law.  N.Y. Lab. Law § 651(5)(n); see N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(b).  HHC moves to dismiss Plaintiff's NYLL claims on the grounds that it qualifies as a "political subdivision" of the state and city and is thus exempt from the overtime claims Plaintiff asserts.

HHC, the largest municipal hospital and health care system in the country, is a $6.7 billion public benefit corporation.  See N.Y. Unconsol. Laws § 7382; Hearing on the Mayor's Fiscal Year 2013 Preliminary Budget  (Mar. 19, 2012), http://council.nyc.gov/downloads/pdf/ budget/2013/819%20HHC.pdf at 1.  The New York State legislation creating HHC stated that

> the creation and operation of the New York city health and hospitals corporation, as hereinafter provided, is in all respects for the benefit of the people of the state of New York and of the city of New York, and is a state, city and public purpose; and that the exercise by such corporation of the functions, powers and duties as hereinafter provided constitutes the performance of an essential public and governmental function.

N.Y. Unconsol. Laws § 7382.  "[P]ublic benefit corporations . . . are not identical to the State or any of its agencies, but rather enjoy, for some purposes, an existence separate and apart from the State, its agencies and political subdivisions."  John Grace & Co., Inc. v. State Univ.

Construction Fund, 375 N.E.2d 377, 378 (N.Y. 1978).  Not every public benefit corporation is

treated like the State; rather, "a particularized inquiry is necessary to determine whether—for the

specific purpose at issue—the public benefit corporation should be treated like the State."  Clark-

Fitzpatrick, Inc. v. Long Island R.R. Co., 516 N.E.2d 190, 192 (N.Y. 1987).  This inquiry

involves evaluating multiple factors, including the function served by the public benefit

corporation at issue and the source of its funding.  See id.

In a recent opinion addressing the same issue as at bar, Judge Rakoff ruled that under the

Clark-Fitzpatrick test, "New York courts are overwhelmingly likely to hold that HHC is a

political subdivision" for purposes of the NYLL.  Drayton v. Metroplus Health Plan, Inc., 791 F.

Supp. 2d 343, 347 (S.D.N.Y. 2011).  In particular, Judge Rakoff noted that (1) HHC's

authorizing legislation "expressly states that the State legislature constituted HHC to perform the

'essential public and governmental function . . . [of] provi[ding] and deliver[ing] comprehensive

care and treatment of the ill and infirm,' which 'is in all respects for the benefit of the people of

New York,'" id. at 346 (quoting N.Y. Unconsol. Laws § 7382); (2) "HHC receives a substantial

amount of financial support from public sources of funding," id.; and (3) "[m]ore broadly, the

overwhelming thrust of New York and federal case law establishes that HHC is considered a

governmental entity and political subdivision in a wide variety of contexts," id. at 347 (collecting

cases and statutes).  See also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., Nos. 11

Civ. 6658, 11 Civ. 6657, 11 Civ. 6366 (PAC), 2012 WL 3886555, at *13 (S.D.N.Y. Sept. 6,

2012) (holding Westchester County Health Care Corporation to be a public subdivision for

purposes of NYLL).[4]  The Court is persuaded by and agrees with Judge Rakoff's thorough

analysis; accordingly, the Court finds HHC exempt from Plaintiff's NYLL overtime claims.

---

[4]  The Court is aware that HHC has been found not to be a political subdivision pursuant to a different
     multi-factor test and analysis, but notes that the court that did so failed to cite any authority for the

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED and Plaintiffs' NYLL

claims are DISMISSED.  The Clerk of the Court is directed to terminate the motion at docket

number 46.

Dated: New York, New York
      March 25, 2013

                                       SO ORDERED

                                       PAUL A. CROTTY
                                       United States District Judge

---

factors it considered. See Massiah v. Metroplus Health Plan, Inc., 856 F. Supp. 2d 494, 498 (E.D.N.Y. 2012) (addressing "(1) the degree to which [the corporation] dominates the service area in which it operates[;] . . . (2) whether, with respect to [its powers, functions, and obligations], the corporation is similar to its counterparts in the private or not-for-profit sector[;] . . . (3) the aims and goals of the particular New York statute in question[;] and . . . (4) whether there is any reason why the corporation should be exempt from compliance").