```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 27, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED M. ALI, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, et al.,

        Defendants.

11 Civ. 6393 (PAC)

**MEMORANDUM & OPINION**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Mohamed M. Ali ("Plaintiff") brings this putative collective action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.[1] On May 10, 2012, Plaintiff moved to conditionally certify a collective action and distribute notice to putative members of the class pursuant to 29 U.S.C. § 216(b). Defendants oppose this motion. For the following reasons, the Court DENIES Plaintiff's motion.

## BACKGROUND

Plaintiff alleges that he was employed from January 2006 through October 2008 as a Respiratory Therapist at Coler-Goldwater Specialty Hospital and Nursing Facility, part of the New York City Health and Hospitals Corporation ("HHC"). (Am. Compl. ¶¶ 85, 86, ECF No. 40.) In that role, Plaintiff performed and analyzed diagnostic tests, administered drugs pursuant to the orders of doctors and senior medical staff, inspected and tested respiratory equipment, and assisted patients, including monitoring their physiological responses to therapy. (Id. ¶ 87.) While employed by HHC, Plaintiff asserts, without any specificity, that he was "typically" scheduled to work eight-hour shifts five days a week and "[a]dditionally, once or twice a month" worked an extra shift. (Id. ¶ 90.) Plaintiff also alleges that, due to work he performed during

---

[1] By an order dated March 25, 2013, the Court dismissed Plaintiff's claims pursuant to the New York Labor Law. (See ECF No. 52.)

interrupted meal breaks, for periods of time immediately before and after his scheduled shifts ended, and during various training and staff meetings—for which he was not compensated—he "regularly" worked over 40 hours a week; "often" working 43 hours and 45 minutes during weeks with training and 44 hours and 45 minutes during weeks with staff meetings. (Id. ¶¶ 91, 92.) Plaintiff claims that he was not compensated for the time he worked in excess of 40 hours during these weeks.[2] (Id. ¶ 93.)

## DISCUSSION

### I. LEGAL STANDARDS

Under Section 216(b) of the FLSA, an employee may assert claims on behalf of other "similarly situated" employees. Salomon v. Adderlay Indust., Inc., 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012) (citing Myers v. Hertz Corp., 624 F.3d 537, 542 (2d Cir. 2010); see 29 U.S.C. § 216(b). When reviewing a request to certify a collective action under the FLSA, the Court engages in a two-step analysis. Salomon, 847 F. Supp. 2d at 563 (citing Myers, 624 F.3d at 554–55). First, the Court must "determine whether similarly situated plaintiffs do in fact exist." Myers, 624 F.3d at 555 (emphasis omitted). Due to the limited evidence generally available at this stage in a litigation, the plaintiff's burden is minimal. Salomon, 847 F. Supp. 2d at 563; see McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012). The Court does not resolve factual disputes or decide substantive issues at this stage, but rather examines the pleadings and affidavits to determine whether the named plaintiff and putative class members are similarly situated. See McGlone, 867 F. Supp. 2d at 442. Despite this low threshold, however, a

---

[2] Although not relevant to the instant motion, the Court notes that these non-specific, boilerplate accusations are the hallmark of complaints drafted by the same law firm that is responsible for numerous similar putative class actions against healthcare entities across the region, and have frequently been found insufficient to state a claim to relief under the FLSA as a matter of law. See, e.g., Lundy v. Catholic Healthcare Sys. of Long Island, Inc., No. 12-1453, 2013 WL 765117, at **1, 4–6 (2d Cir. Mar. 1, 2013); Nakahata v. New York-Presbyterian Healthcare Sys., Inc., Nos. 11 Civ. 6658, 11 Civ. 6657, 11 Civ. 6366 (PAC), 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012).

plaintiff must still make the "modest factual showing" that he and potential opt-in plaintiffs were victims of a common policy or plan that violated the law. Myers, 624 F.3d at 555; see McGlone, 867 F. Supp. 2d at 443.

To make the factual showing required at this first stage, a Plaintiff cannot rely on unsupported assertions. Salomon, 847 F. Supp. 2d at 563. "[T]he factual showing, even if modest, must still be based on some substance." Guillen v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010); see McGlone, 867 F. Supp. 2d at 443 ("Plaintiff must at least provide evidence that the proposed class members are similarly situated[.]"). In making its determination at this first state, the Court may consider a plaintiff's affidavit and hearsay statements. Salomon, 847 F. Supp. 2d at 563.

If a plaintiff has satisfied this first step, the Court determines whether the collective action may proceed by reviewing whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiff. Id. at 564 (citing Myers, 624 F.3d at 555).

## II.  PLAINTIFF HAS FAILED TO SHOW HE IS SIMILARLY SITUATED TO POTENTIAL OPT-IN PLAINTIFFS

While Plaintiff's burden at the first stage is low, "it is not non-existent—certification is not automatic." Romero v. H.B. Automotive Grp., Inc., No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (quotations omitted). "It is axiomatic that, even at this preliminary stage, the Court must find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." Jenkins v. TJX Companies, Inc., 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012) (quotation omitted).

The almost complete absence of any evidence that Plaintiff and other employees are similarly situated is fatal to Plaintiff's request to have this action certified as a collective action. Plaintiff relies on documentation relating to the workplace responsibilities and educational

requirements of respiratory therapists, and HHC's classification of this position for FLSA purposes. (See ECF Nos. 37-2–32-5.) However, "[a]s numerous courts in this Circuit have held, the mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes." Jenkins, 853 F. Supp. 2d at 323 (collecting cases). Nor is it "sufficient for [Plaintiff] to show that he and the proposed class operated under the same job description." Khan v. Airport Mgmt. Servs., LLC, No. 10 Civ. 7735 (NRB), 2011 WL 5597371, at *4 (S.D.N.Y. Nov. 16, 2011) (quoting Guillen, 750 F. Supp. 2d at 476). Rather, Plaintiff must demonstrate that he and the other employees are similarly situated with respect to their claim—here, that they worked more than 40 hours a week as part of a common policy or plan that violated the law. See id.; see also Guillen v. Marshalls of MA, Inc., No. 09 Civ. 9575 (LAP), 2012 WL 258871, at *1 (July 2, 2012) (collecting cases).

On this front, Plaintiff has failed. While the Court may consider hearsay evidence in the first-step of the conditional certification analysis, here the only relevant evidence Plaintiff submits that there are similarly situated class members who worked over 40 hours a week and were not paid overtime wages pursuant to a common policy or plan is uncorroborated, anecdotal hearsay about the hours Plaintiff believes others worked. (Ali. Aff. ¶¶ 12–13, ECF No. 37-6.) The sole basis for this belief is that Plaintiff "had conversations with other respiratory therapists about the fact that we worked in excess of forty hours a week." (Id. ¶ 12.) Plaintiff does not provide any information about where these respiratory therapists worked or, more importantly, why they worked more than 40 hours (i.e., because of a common plan or policy of Defendants). Indeed, he has not even answered the latter question with regard to himself.

4

Plaintiff's showing is insufficient to support a finding that similarly situated plaintiffs were subjected to a common scheme. See Romero, 2012 WL 1514810, at *10; Barfield v. N.Y. City Health & Hosps. Corp., No. 05 Civ. 6319 (JSR), 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying conditional certification where the plaintiff alleged, based only on "limited anecdotal hearsay," that other nurses were not paid overtime); Levinson v. Primedia Inc., No. 02 Civ. 2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where the plaintiffs alleged that they were not paid minimum wage or overtime, but provided no factual evidence other than the conjecture contained in the plaintiffs' affidavits that other employees were subject to the same pay policies).

Plaintiff here has failed to make even the modest showing that similarly situated plaintiffs do in fact exist. Accordingly, Plaintiff's motion for conditional certification is denied, and the case will proceed as a claim on behalf of Mr. Ali only.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification of a collective action and to send notice to putative members of the class is DENIED. The Clerk of Court is directed to terminate the motion at docket number 35.

Dated: New York, New York
March 27, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[3] Because the Court finds that conditional certification as a collective action is unwarranted, it need not address Plaintiff's requests regarding the timing and form of its notice to potential opt-in plaintiffs.